IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| ESAU JENKINS, ) | Civil Action No. 3:08-1007-CMC-JRM |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| RAY NASH, SHERIF, ) | |
| ) | **REPORT AND RECOMMENDATION** |
| Defendant. ) | |
| _____ ) | |

This action was filed by the pro se Plaintiff on March 25, 2008.[1] Plaintiff is a pretrial detainee at the Dorchester County Detention Center ("DCDC"). On July 28, 2008, Defendant filed a motion for summary judgment. Because Plaintiff is proceeding pro se, he was advised on July 30, 2008, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), that a failure to respond to Defendant's motion for summary judgment with additional evidence or counter-affidavits could result in the dismissal of his complaint. Plaintiff filed a response on August 18, 2008.

DISCUSSION

Plaintiff alleges that he was served food on trays that had large cracks in them which allowed water to seep into the food slots. He claims that he has ingested some of the water, causing him illness. Plaintiff alleges that he was unable to get proper medical treatment and was sick for days. He requests monetary damages and that Defendant "fix and bring D.C.D.C. up to State and Federal

---

[1] All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02 (B)(2)(d) and (e), DSC. Because this is a dispositive motion, the report and recommendation is entered for review by the court.

Guidelines."[2] Complaint at 5. Defendant contends that he is entitled to summary judgment because: (1) Plaintiff's claim fails to constitute or support a constitutional violation; (2) Plaintiff failed to exhaust his available administrative remedies;[3] (3) Plaintiff is barred under 42 U.S.C. § 1997e(e) from recovering damages for mental or emotional injuries without a prior showing of a physical injury; (4) no respondeat superior liability exists under 42 U.S.C. § 1983; and (5) Defendant is entitled to qualified immunity in his individual capacity.

1.     Conditions of Confinement

Plaintiff alleges that in August 2007 he received a food tray that had a large crack in it and he noticed that there was water seeping up from the tray. He claims that he complained about this, but jail staff refused to do anything about it and he was later served food on other trays that had cracks and water seepage in the food slots. Plaintiff claims that because he was served on defective

---

[2] To the extent that Plaintiff is requesting that DCDC replace the food trays, his claim is now moot, as he admits (in his response to Defendant's motion for summary judgment) that DCDC has replaced the old food trays with new ones.

[3] It is recommended that Defendant's motion for summary judgment be granted on the merits, as discussed below. Alternatively, it is recommended that this action be dismissed because Plaintiff failed to exhaust his administrative remedies. "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). In Porter v. Nussle, 534 U.S. 516 (2002), the Supreme Court held that the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. Porter, 534 U.S. at 532.
Defendant has the burden of showing that Plaintiff failed to exhaust his administrative remedies. Anderson v. XYZ Corr. Health Services, Inc., 407 F.3d 674, 683 (4th Cir. 2005). Lt. Wanda Taylor, Operations Lieutenant for the DCDC, is the record custodian of the personnel files of inmates. She states that she searched Plaintiff's file and did not find any DCDC grievance forms filed by Plaintiff. Taylor Aff., Para. 3. Defendant has submitted copies of DCDC's grievance policy, a blank grievance form, and the chain of command policy at DCDC. Plaintiff has submitted nothing to dispute Lt. Taylor's affidavit. In his complaint, Plaintiff provides that he did not receive any responses to the grievances he alleged he filed.

2

trays he inadvertently ingested water that has caused him stomach cramps, nausea, and "loose bowels." Defendant contends that he is entitled to summary judgment because Plaintiff fails to allege any provable injuries he suffered as a direct and proximate result of his allegations, and any injuries that may be inferred are merely de minimis.

Allegations of deprivations of pretrial detainees are considered under the due process clause of the Fourteenth Amendment instead of the cruel and unusual punishment clause of the Eighth Amendment. Cooper v. Dyke, 814 F.2d 941 (4th Cir. 1987). The rationale for this distinction was explained in Ingraham v. Wright, 430 U.S. 651 (1977) at 671-72:

> Eighth Amendment scrutiny is appropriate only after the State has complied with the constitutional guarantees traditionally associated with criminal prosecutions...the State does not acquire the power to punish with which the Eighth Amendment is concerned until after it has secured a formal adjudication of guilt in accordance with the due process of law. Where the State seeks to impose punishment without such an adjudication, the pertinent constitutional guarantee is the Due Process Clause of the Fourteenth Amendment.

(Citations omitted). However, the due process rights of detainees are at least coextensive with Eighth Amendment rights of convicted prisoners, and perhaps greater. Whisenant v. Yuam, 739 F.2d 160 (4th Cir. 1984); Loe v. Armistead, 582 F.2d 1291, 1292 (4th Cir. 1978), cert. denied, Moffit v. Loe, 446 U.S. 928 (1980).

A pretrial detainee may not be punished. An inmate serving a custodial sentence may be punished so long as the punishment is not "cruel and unusual." Bell v. Wolfish, 441 U.S. 520 (1979). Thus, it must be determined whether the conditions and/or treatment received by plaintiff amounted to punishment. Absent a showing of expressed intent to punish on the part of correctional officials, the determination whether a particular condition or restriction is punishment generally turns on

whether it is rationally connected to a legitimate non-punitive purpose and whether it is excessive in relation to that purpose. Bell, 441 U.S. at 538.

Plaintiff fails to show any expressed intent on the part of Defendant to punish him. Further, Plaintiff fails to show that his living conditions caused him anything more than de minimis injuries. Lt. Taylor states that the DCDC was inspected by the Department of Health and Environmental Control ("DHEC") on August 3, 2007. After a detailed inspection of food handling and serving, the inspector found the facility to be in compliance with DHEC standards. She states that on January 7, 2008, the South Carolina Department of Labor, Licensing & Regulation, Office of Occupational Safety and Health, conducted a similar inspection and found no violations. Taylor Aff., Para. 6; Inspection Report. Plaintiff submitted a copy of a report indicating that the DCDC received a "B" sanitation grade on March 21, 2007, but also submitted a copy of a report indicating that DCDC was reinspected on March 29, 2007 (well before Plaintiff arrived at the facility on July 31, 2007 - see Taylor Aff, Para. 3) and received an "A" score. On January 29, 2008, DCDC received another "A" rating. There is no indication on the reports of any problems with food trays.

Captain Terrance Van Doran, a Detention Commander at the DCDC, states that Plaintiff's medical file reflects that Plaintiff was treated by medical staff on August 9, August 13, August 16, August 20, September 6, September 20, October 19, and November 1, 2007, as well as January 24, February 11, March 20, May 3, and May 5, 2008. Plaintiff submitted an Inmate Request Form on August 20, 2007, requesting medication. He was treated on August 27, 2007, but there was no record of Plaintiff mentioning cracked or damaged food trays or associated illnesses at that time. Captain Van Doran states that Plaintiff submitted sick call requests and a grievance form regarding medical conditions on March 19, 2008. Plaintiff was seen by Mental Health the next day and there is no

4

record of Plaintiff making any mention of cracked or damaged food trays or associated illnesses at that time.  Captain Van Doran states that Plaintiff submitted an Inmate Sick Call Request and an Inmate Request Form on February 27, 2008 concerning dry skin.  This was resolved on March 3, 2008.  Plaintiff submitted an Inmate Request Form for a burn across his face and he was seen and treated on February 11, 2008.  Plaintiff was referred to Dr. Everman for treatment after he submitted an Inmate Sick Call Request on January 14, 2008 (when he complained of hearing voices, seeing things flying, and that his medication was not working).  Captain Van Doran states that Plaintiff's medical file reflects that none of Plaintiff's Inmate Request Forms, Plaintiff's Sick Call Requests, or notes of medical treatment mention anything about cracked or damaged food trays or associated illness.  He further states that there is no record of Plaintiff making any mention or notation of cracked or damaged food trays or associated illness at any time until the filing of this action.  Van Doran Aff., Paras. 3-11.

A de minimis injury does not violate the Fourteenth Amendment.  See Ingraham, 430 U.S. at 674 ("There is, of course, a de minimis level of imposition with which the Constitution is not concerned."); see also Riley v. Dorton, 115 F.3d 1159, 1167-1168 (4th Cir. 1997)(en banc)(any injury that plaintiff suffered as a result of the alleged use of excessive force against him must have been de minimis at best because the plaintiff saw medical personnel on numerous occasions for various injuries and never mentioned the alleged constitutional violation as the source of any of his injuries or complaints),cert. denied, 520 U.S. 1030 (1997); Westmoreland v. Brown, 883 F. Supp. 67, 76 (E.D.Va. 1995)("a particular condition constitutes punishment only where it causes physical or mental injury").

2.  Medical Claims

Plaintiff may be attempting to claim that Defendant was deliberately indifferent to his medical needs. In the case of Estelle v. Gamble, 429 U.S. 97 (1976), the Supreme Court reviewed the Eighth Amendment prohibition of punishments which "involve the unnecessary and wanton infliction of pain," Id., quoting Gregg v. Georgia, 428 U.S. 153, 169-73 (1976).[4] The court stated:

> An inmate must rely on prison authorities to treat his medical needs; if the authorities fail to do so, those needs will not be met.
>
> * * * * * * *
>
> We therefore conclude that deliberate indifference to serious medical needs of prisoners constitutes the "unnecessary and wanton infliction of pain," Gregg v. Georgia, supra, at 182-83, 96 S.Ct. at 2925 (joint opinion), proscribed by the Eighth Amendment. This is true whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed. Regardless of how evidenced, deliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983.

Estelle, 429 U.S. at 103-105. (Footnotes omitted).

Despite finding that "deliberate indifference to serious medical needs" was unconstitutional, the court was careful to note however, that "an inadvertent failure to provide adequate medical care" does not meet the standard necessary to allege an Eighth Amendment violation.

> Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In

---

[4] Medical claims of a pretrial detainee are governed by the Due Process Clause of the Fourteenth Amendment, rather than the Eighth Amendment. See City of Revere v. Massachusetts Gen. Hosp., 463 U.S. 239 (1983). However, the inquiry as to whether a pretrial detainee's rights were violated under the Fourteenth Amendment is the same as that for a convicted prisoner under the Eighth Amendment (deliberate indifference to a serious medical need). See Martin v. Gentile, 849 F.2d 863, 871 (4th Cir. 1988)(citing Estelle v. Gamble, 429 U.S. 97 (1976)).

> order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.

Estelle, 429 U.S. at 107.

The Court of Appeals for the Fourth Circuit has also considered this issue in the case of Miltier v. Beorn, 896 F.2d 848 (4th Cir. 1990). In that case, the court noted that treatment "must be so grossly incompetent, inadequate or excessive as to shock the conscience or to be intolerable to fundamental fairness (citations omitted). . . nevertheless, mere negligence or malpractice does not violate the Eighth Amendment." Id. at 851.

The Supreme Court defined "deliberate indifference" in the Eighth Amendment context in Farmer v. Brennan, 511 U.S. 825 (1994). The court held:

> [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health and safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. This approach comports best with the text of the Amendment as our cases have interpreted it. The Eighth Amendment does not outlaw cruel and unusual "conditions"; it outlaws cruel and unusual "punishments." An act or omission unaccompanied by knowledge of a significant risk of harm might well be something society wishes to discourage, and if harm does result society might well wish to assure compensation. The common law reflects such concern when it imposes tort liability on a purely objective basis. [Citations omitted]. But an official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment.

Id. at 837-38.

Unless medical needs were serious or life threatening, and the defendants were deliberately and intentionally indifferent to those needs of which he was aware at the time, a plaintiff may not prevail. Estelle, supra; Farmer v. Brennan, supra; Sosebee v. Murphy, 797 F.2d 179 (4th Cir. 1986).

7

Plaintiff fails to show that Defendant was deliberately indifferent to any of his serious medical needs. As noted above, Captain Van Doran states he reviewed Plaintiff's medical records which indicated that Plaintiff received care on numerous occasions. To the extent that Plaintiff disagrees with the type and amount of medical treatment he received, his claim fails. "Although the Constitution does require that prisoners be provided with a certain minimum level of medical treatment, it does not guarantee to a prisoner the treatment of his choice." Jackson v. Fair, 846 F.2d 811, 817 (1st Cir. 1988). The provision of medical care by prison officials is not discretionary, but the type and amount of medical care is discretionary. See Brown v. Thompson, 868 F. Supp. 326 (S.D.Ga. 1994). A disagreement as to the proper treatment to be received does not in and of itself state a constitutional violation. See Smart v. Villar, 547 F.2d 112 (10th Cir. 1976); Lamb v. Maschner, 633 F. Supp. 351, 353 (D.Kan. 1986).

3. Respondeat Superior

Defendant contends that he cannot be held liable on a theory of respondeat superior. The doctrine of respondeat superior generally is inapplicable to § 1983 suits, such that an employer or supervisor is not liable for the acts of his employees, absent an official policy or custom which results in illegal action. See Monell v. Department of Social Services, 436 U.S. 658, 694 (1978); Fisher v. Washington Metro Area Transit Authority, 690 F.2d 1133, 1142-43 (4th Cir. 1982). Higher officials may be held liable for the acts of their subordinates, however, if the official is aware of a pervasive, unreasonable risk of harm from a specified source and fails to take corrective action as a result of deliberate indifference or tacit authorization. Slakan v. Porter, 737 F.2d 368 (4th Cir. 1984), cert. denied, Reed v. Slakan, 470 U.S. 1035 (1985).

Plaintiff has not alleged that Defendant was personally responsible for any of the alleged incidents. Further, Plaintiff has not shown that Defendant was deliberately indifferent to, or tacitly authorized, any of the alleged actions or inactions. Plaintiff only alleges that he informed "jail staff" about the trays and the "jail staff" refused to do anything. Thus, Plaintiff fails to show that Defendant is liable on a theory of respondeat superior or supervisory liability.

4.     Emotional Injury

Defendant contends that any claim by Plaintiff for mental or emotional injuries must be dismissed pursuant to 42 U.S.C. § 1997e(e) because he fails to show that he sustained any serious physical injury that was attributable to his conditions of confinement. There is no federal constitutional right to be free from emotional distress, psychological stress, or mental anguish, and, hence, there is no liability under § 1983 regarding such claims. See Grandstaff v. City of Borger, 767 F.2d 161 (5th Cir. 1985), cert. denied, 480 U.S. 916 (1987); and Rodriguez v. Comas, 888 F.2d 899, 903 (1st Cir. 1989). The PLRA provides:

> No Federal civil action may be brought by a prisoner confined in a jail, prison or other correctional facility for mental or emotional injury suffered while in custody without a prior showing of physical injury.[5]

42 U.S.C. § 1997e(e).

5.     Immunity

---

[5] The PLRA does not define "physical injury" and the Fourth Circuit has not ruled on the issue, but the Fifth Circuit held that "physical injury" must be more than de minimis, but need not be significant. Siglar v. Hightower, 112 F.3d 191 (5th Cir. 1997)(concluding that a sore, bruised ear lasting for three days was de minimis and failed to meet the requisite physical injury to support a claim of emotional or mental suffering); see also Zehner v. Trigg, 952 F. Supp. 1318 (S.D. Ind. 1997)(exposure to asbestos not physical injury necessary to support claim for mental or emotional injury under the PLRA), aff'd, 133 F.3d 459 (7th Cir. 1997).

Defendant contends that he is entitled to qualified immunity. The Supreme Court in Harlow v. Fitzgerald, 457 U.S. 800 (1982), established the standard which the court is to follow in determining whether a defendant is protected by qualified immunity.

> Government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.

Harlow, 457 U.S. at 818.

The Court of Appeals for the Fourth Circuit has stated:

> Qualified immunity shields a governmental official from liability for civil monetary damages if the officer's "conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." "In determining whether the specific right allegedly violated was 'clearly established,' the proper focus is not upon the right at its most general or abstract level, but at the level of its application to the specific conduct being challenged." Moreover, "the manner in which this [clearly established] right applies to the actions of the official must also be apparent." As such, if there is a "legitimate question" as to whether an official's conduct constitutes a constitutional violation, the official is entitled to qualified immunity.

Wiley v. Doory, 14 F.3d 993 (4th Cir. 1994)(internal citations omitted), cert. denied, 516 U.S. 824 (1995). As discussed above, Plaintiff fails to show that Defendant violated any of his clearly established constitutional or statutory rights. Therefore, Defendant is entitled to qualified immunity in his individual capacity.

## CONCLUSION

Based on review of the record, it is recommended that Defendant's motion for summary

10

judgment (Doc. 13) be **granted**.

                Respectfully submitted,

                Joseph R. McCrorey
                United States Magistrate Judge

September 22, 2008
Columbia, South Carolina

  **The parties' attention is directed to the important information on the attached notice.**

11

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

12